UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON J. CURRY, | Case No. 17-CV-4345 (JNE/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| OFFICER KETCHMARK ZAKARI and OFFICER JEREMY BRODIN, | |
| Defendants. | |

Plaintiff Aaron J. Curry commenced this lawsuit by filing a "[c]riminal complaint" alleging violations of his Fourth Amendment rights by two law-enforcement officials. Compl. at 1 [ECF No. 1]. Because Curry applied for *in forma pauperis* ("IFP") status, his complaint was subject to 28 U.S.C. § 1915(e)(2)(B), which requires the Court (among other things) to evaluate whether Curry has stated a plausible claim upon which relief may be granted. On initial review, this Court concluded that Curry had not yet stated a viable claim for relief. For one thing, Curry could not initiate criminal proceedings. For another thing, Curry had not specified whether he was suing those officers in their individual or official capacities. And most importantly, Curry had not raised adequate allegations showing how the officers in question had violated the law. *See* ECF No. 3.

Rather than recommend dismissal, however, this Court provided Curry with an opportunity to amend his complaint. Curry has now filed his amended complaint [ECF No. 5], and this matter is once again before the Court on Curry's application to proceed IFP.

Once again, after review of that IFP application, this Court concludes that Curry qualifies financially for IFP status. But an IFP application will be denied, and an action will be dismissed,

when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The amended complaint, like the initial complaint, suffers from at least two infirmities, one technical, and one more substantial. First, the technical defect: Curry has not alleged whether he is suing defendants for alleged violations of his constitutional rights in their *personal* capacities or in their *official* capacities. Curry's claims must therefore be interpreted as being brought against defendants in their official capacities only. *See Egerdahl v. Hibbing Community*

*College*, 72 F.3d 615, 620 (8th Cir. 1996).  This, in turn, substantially limits[1] the type of relief that Curry may seek in this lawsuit.[2]

Second (and more importantly), Curry does not plausibly allege any violation of the law. The pleadings make clear that Curry believes he was subjected to an unlawful search, but the basic facts and events at issue in this lawsuit remain unclear, despite Curry having been given a second attempt to present his claims.  Further, the vast majority of Curry's factual allegations amount to legal conclusions — for example, his allegation that his car was illegally searched, or that one of the defendants has continued to harass him following that search.  Rather than allege facts *showing* how the search was illegal or *showing* how defendants' actions have amounted to harassment, Curry has simply alleged that these unlawful actions have taken place.  But legal conclusions are not entitled to the usual assumption of truth given to allegations in pleadings. *See Iqbal*, 556 U.S. at 579.  And without these legal conclusions, little remains of the complaint.

Accordingly, it is hereby recommended that this matter be dismissed pursuant to § 1915(e)(2)(B)(ii).  That said, because it is not impossible that Curry could present a claim for

---

[1] The complaint is not clear as to whether the defendants are state, county, or municipal employees.  If state employees, the defendants cannot be sued for monetary damages in their official capacities.  *See Treleven v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).  If county or municipal employees, monetary damages may be available, but only if Curry can demonstrate that the county or municipality itself is at fault.  *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998).  As explained below, the amended complaint does not adequately allege *any* constitutional violation, but beyond that, the pleading does not show how the county or municipality at issue — assuming that a county or municipality is at issue at all — has violated the law.

[2] Curry does not specify the relief sought in either of his two pleadings.  *See* Fed. R. Civ. P. 8(a)(3) (requiring that a pleading contain "a demand for the relief sought, which may include relief in the alternative or different types of relief.").

relief based on the nucleus of events suggested in the pleadings, this Court will recommend that this matter be dismissed *without* prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Aaron J. Curry's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: December 15, 2017              *s/Franklin L. Noel*
                                      Franklin L. Noel
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).